# STATE OF LOUISIANA
# SECRETARY OF STATE

LEGAL SERVICES SECTION
P.O. BOX 94125, BATON ROUGE, LA 70804-9125
(225) 922-0415

10/08/09

STATE FARM INSURANCE COMPANY
STATE FARM INSURANCE COMPANIES
DAVID A. ROSS - CLAIMS MANAGER
2370 TOWNE CENTER BLVD.
BATON ROUGE, LA 70806

SUIT NO: 678321
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

GARY ATTARDO, ET AL
vs
STATE FARM INSURANCE COMPANY

**LEGAL DOCUMENT ROUTING**

| UNIT: | | |
|---|---|---|
| OFFICE: Fire Shu | Fire Shu | Fire Shu |
| REP: | | |
| CLAIM #: 18-R875-093 | 18-R108-381 | 18-2892-513 |

STATE FARM INSURANCE COMPANIES

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

JAY DARDENNE
Secretary of State

Served on: JAY DARDENNE          Date: 10/07/09 at 3:00 PM
Served by: J BROWN               Title: DEPUTY SHERIFF

====================================================================
Received    Number    Date    Paid By              Amount
CHECK/M.O.  8148              HARRY E. CANTRELL,JR  25.00

TO
====================================================================

NO. 734736




EXHIBIT A

(101) Citation: ISS PETITION FOR DAMAGES;    090929-7157-2

**24TH JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

SERVED ON
JAY DARDENNE
OCT 07 2009
SECRETARY OF STATE
COMMERCIAL DIVISION

GARY ATTARDO, THEODORE ROBINSON, DEBBIE PIERCE
versus
STATE FARM INSURANCE COMPANY

Case: 678-321
P 1 GARY ATTARDO

To: STATE FARM INSURANCE COMPANY
THROUGH SECRETARY OF STATE
8549 UNITED PLAZA BLVD
BATON ROUGE LA 70809

8148  25.00
8149  29.36

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney HARRY E. CANTRELL, JR and was issued by the Clerk Of Court on the 29th day of September, 2009.

_signature_
Kenneth J Centola, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____ SERVICE INFORMATION _____
                                                    090929-7157-2

(101) Citation: ISS PETITION FOR DAMAGES;

Received:_____  Served:_____  Returned:_____

Service was made:
___ Personal    ___ Domiciliary _____

Unable to serve:
___ Not at this address     ___ Numerous attempts ___ times
___ Vacant                  ___ Received too late to serve
___ Moved                   ___ No longer works at this address
___ No such address         ___ Need apartment / building number
___ Other _____

Service: $_____  Mileage: $_____  Total: $_____
                                            #_____
Completed by:_____
              Deputy Sheriff
Parish of:_____

RECEIVED BY
[illegible stamp]

**DIV. M**
JUDGE
HENRY G. SULLIVAN, JR.

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

HURRICANE LITIGATION

NO. 678321                           DIVISION "G"

GARY ATTARDO, THEODORE ROBINSON,
AND
DEBBIE PIERCE

VERSUS

STATE INSURANCE COMPANY

FILE FOR RECORD
2009 SEP 25 PM 2:35
J. MERRICK
DEPUTY CLERK
PARISH OF JEFFERSON, LA

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes the plaintiffs, Gary Attardo, Theodore Robinson, and Debbie Pierce and all major residents of the State of Louisiana, who submits that the defendant, State is liable to the defendants for the following reasons:

1.

Made defendant herein is:

State Farm Insurance Company, herein after referred to as (State Farm), a foreign insurer licensed to and doing business in the State of Louisiana.

2.

The plaintiff owned immovable properties at the following address:

a. Debbie Pierce, 636 Wayne Avenue, Westwego, LA 70094
   Claim No. 18R875093

b. Theodore Robinson, 2960 Keithway Drive, Harvey, LA 70058
   Claim No. 18R672381

c. Gary Attardo, 1413 Stonebridge Drive, Gretna, LA 70056
   Claim No. 18-R892513

3.

At all relevant time herein, the defendant, State Farm, provided insurance coverage for the identified properties including fire and wind peril. That at all times material hereto, defendant had issued to Petitioner a commercial policy or policies providing wind, fire and other coverage's for the above described properties which policy or policies were in full force and effect as of Hurricane Gustav, all terms and conditions of said policy or policies are pleaded in extenso as though copied herein.

4.

Hurricane Gustav damaged the covered properties as a result of wind and rain damage, prior to any flooding in the area. The perils damaged, destroyed or otherwise rendered the above described property temporarily uninhabitable.

5.

The hurricane damage to the covered properties resulted from a covered peril.

6.

The damage to Petitioner's properties caused by wind and rain was sustained prior to any flooding of the area. The wind damage to Petitioner's property includes the following:

a)   A portion of the roof was damaged;

b)   Some of the felt and sheathing on the roofs were damaged and/or blown away;

c)   Some turbine roof vents were blown away;

d)   Several windows were blown out; and

e)   Numerous storm-related penetrations through the structure's otherwise waterproof "skin" allowed wind-driven rain to saturate the insulation, drywall, and paint finishes of the interior of the building, together with its contents.

7.

In its policy to Petitioner, State Farm agreed to pay for direct physical loss of, or damage to Petitioner's insured property resulting from a covered loss such as windstorm, as well as damage to personal properties and /contents, additional expenses and loss of use, loss of rents as well as various other coverages as set forth in the policy.

8.

State Farm placed a valuation upon Petitioner's property covered by the policy including the dwelling, and other structures and contents. State Farm used such valuation for property for the purpose for determining the premium charged for the policies.

9.

Neither the policy issued to Petitioners by State Farm nor the application therefor set forth a clear and unambiguous different method of computing the value of said loss other than to use the valuation placed upon the properties by State Farm in order to determine the premium.

10.

There is no criminal fault on the part of the insured's (Petitioner), or the assigns of the insured in the case of this covered loss.

11.

The policy issued by State Farm to Petitioner was issued or renewed after January 1, 1992.

12.

The policy issued by State Farm to Petitioner is not blanket-form policies or a Builder's risk policy of insurance.

13

Plaintiffs believe and therefore allege that the damages sought as a result of this pending lawsuit will not exceed $75,000.00 for each distinct property. Further stating, plaintiffs agree to bind themselves and their heirs as well not to pursue damages in excess of the amounts stated herein.

14.

Petitioners or their assigns have submitted proof of loss to State Farm. State Farm has received Petitioners' proof of loss. State Farm has not asked Petitioners for additional proof of loss.

15.

More than thirty (30) days have elapsed since State Farm or its agent has received Petitioners' satisfactory proof of loss on their claim.

16.

LSA-R.S. 22:658 A(4) requires an insurer to make a written offer to settle within thirty (30) days of receipt of satisfactory proof of loss. State Farm did not make a written offer to settle within thirty days of receipt of satisfactory proof of loss from Petitioners and therefore breached this obligation. Such breach was arbitrary, capricious, and/or without probable cause, so State Farm is therefore subject to penalties as set forth in this statute.

17

Any requirement in the insurance policy that the insured commence to repair or rebuild within 180 days of the loss in order to recover depreciation is impractical, if not impossible, in post-Katrina New Orleans. As such, this requirement should be stricken from the policy. Alternatively, Petitioners affirmatively pleads the doctrine of *contra non valentem* as a bar to their performance and their lack of compliance, if any, should be excused.

18.

Petitioners have fully and/or materially complied with all requirements of the policy of insurance. Any purported non-compliance with any policy provisions is an immaterial non-compliance.

19.

As a result of the actions and inactions by the defendant, the plaintiff has suffered the following non-exclusive damages:

Additional Living Expenses

Loss of Use

Property Damage

Inconvenience

Damage to Contents

Other Structures

Loss of Use

Wherefore Plaintiffs Pray:

1. That the defendant be cited and served with a copy of this petition;
2. That after due proceedings had, there be judgment in favor to the plaintiffs and against the defendant;
3. Costs for repairs and replacement of property;
4. Recovery of depreciation and additional expenses;
5. Litigation expenses and penalties;
6. Further praying for both general and equitable relief available.

Respectfully submitted,

Harry E. Cantrell, Jr #03852
305 Baronne Street, Suite 300
New Orleans, LA 70112
(504) 585-7347

Please Serve the Defendant
State Farm Insurance Company
Through the Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.